UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEE TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>MARSHA INGRAM, et al.,<br><br>Defendants. | No. 2:21-cv-01042 DB P<br><br><br><br>ORDER |

Plaintiff, a state inmate proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants retaliated against him in violation of his First Amendment rights. Before the court is plaintiff's request for leave to proceed in forma pauperis (ECF No. 5) and plaintiff's complaint for screening (ECF No. 1).

For the reasons stated below, plaintiff will be given the option to proceed on his cognizable claims or to be given leave to file an amended complaint. Plaintiff's request to proceed in forma pauperis will be granted.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 5.) Accordingly, plaintiff's request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in

1

accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,

1  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
2  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
3  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
4  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
5        The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

9  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
10 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
11 Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A
12 person 'subjects' another to the deprivation of a constitutional right, within the meaning of §
13 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform
14 an act which he is legally required to do that causes the deprivation of which complaint is made."
15 Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
16       Moreover, supervisory personnel are generally not liable under § 1983 for the actions of
17 their employees under a theory of respondeat superior and, therefore, when a named defendant
18 holds a supervisorial position, the causal link between him and the claimed constitutional
19 violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);
20 Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations
21 concerning the involvement of official personnel in civil rights violations are not sufficient.  See
22 Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

23 **II.    Linkage Requirement**

24       Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate
25 that each defendant personally participated in the deprivation of his rights.  See Jones v.
26 Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There must be an actual connection or link between
27 the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
28 ////

Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Id. at 676.

### III.  Allegations in the Complaint

In his complaint plaintiff indicated that, at all relevant times, he was an inmate at California Health Care Facility, Stockton ("CHCF"). (ECF No. 1 at 5.) Plaintiff names Correctional Officer Marsha Ingram and Correctional Sergeant R. Valencia as defendants in this action. (Id. at 2.) Plaintiff sues both defendants in their individual capacities and alleges that they acted under color of state law as employees of the California Department of Corrections and Rehabilitation ("CDCR"). (Id. at 4.)

Plaintiff alleges the following in the complaint: On August 4, 2019, plaintiff made several requests for defendant Ingram to mail plaintiff's outgoing legal mail. (Id.) Defendant Ingram denied these requests and eventually "started yelling emotionally at him out of control with extreme vulgarity." (Id.) When defendant Ingram informed plaintiff that she would not assist with plaintiff's mail, plaintiff informed her that he intended to "write a complaint against her" for her refusal. (Id. at 5.) In response, defendant Ingram threatened "to move plaintiff out of her housing unit." (Id.) Correctional Officer C. Dubuisson intervened and ordered plaintiff back to his cell, later telling plaintiff that "you can never win an argument with the defendant (c/o Marsha Ingram) because of what she'll write on paper." (Id.)

Defendant Ingram wrote a plaintiff up for a "false and fabricated" rules violation based on this interaction. (Id. at 6.) Defendant Ingram also moved plaintiff from his "Honor Housing Unit Dormitory" to a housing unit with a water supply contaminated with Legionnaire's Disease. (Id.

4

at 6.) As a result of being placed in the new housing unit, plaintiff "contracted and suffered 'skin rashes all over his body that's permanent to this date.'" (Id. at 7.) Defendant Valencia approved the order for plaintiff to be moved to a different housing unit. (Id. at 6.)

Plaintiff alleges he suffered injury in the form of damage to his disciplinary history his upcoming parole hearing, medical consequences emotional distress, and more. (Id. at 4.) Plaintiff's requests relief in the form of a "chrono" issued by plaintiff stating the rules violation report written by defendant Ingram was without merit and monetary damages in an unstated amount. (Id. at 8.)

### IV.  Does Plaintiff State Cognizable Claims?

#### A. Legal Standard for First Amendment Retaliation Claims

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote and citations omitted).

Under the first element, plaintiff need not prove that the alleged retaliatory action, in itself, violated a constitutional right. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (to prevail on a retaliation claim, plaintiff need not "establish an independent constitutional interest" was violated); see also Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997) ("[P]risoners may still base retaliation claims on harms that would not raise due process concerns."); Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985) (transfer of prisoner to a different prison constituted adverse action for purposes of retaliation claim). To prove the second element, retaliatory motive, plaintiff must show that his protected activities were a "substantial" or "motivating" factor behind the defendants' challenged conduct. Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009) (quoting Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989)). The third element includes prisoners' First Amendment right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). While prisoners have no freestanding right to a prison grievance process,

see Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), "a prisoner's fundamental right of access to the courts hinges on his ability to access the prison grievance system," Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995), overruled on other grounds by Shaw v. Murphy, 532 U.S. 223, 230 n.2 (2001).

### B. Analysis

#### 1. Defendant Ingram

Plaintiff claims defendant Ingram violated his First Amendment rights by retaliating against him. Specifically, plaintiff alleges that defendant Ingram filed a "false and fabricated" rules violation and had plaintiff transferred to another housing unit in part in retaliation for plaintiff informing defendant Ingram that he intended to file a staff complaint. (ECF No. 1 at 6.) Plaintiff has alleged at least minimally sufficient facts to state a retaliation claim against defendant Ingram.

Plaintiff alleges that defendant Ingram took adverse action against the plaintiff by writing a false rules violation and having him transferred. (Id.) Plaintiff also alleges that defendant Ingram took these actions at least partially in response to plaintiff's statement that he intended to file a complaint. (Id.) These allegations are sufficient to satisfy the first three elements for a retaliation claim as they show adverse action taken because of plaintiff's protected conduct. Rhodes, 408 F.3d at 567–68; see Bradley, 64 F.3d at 1279. Plaintiff's allegations also satisfy the final two requirements as a rules violation could certainly chill plaintiff's speech and there is no indication of a legitimate correctional goal. Id.

As such, plaintiff alleges at least minimally sufficient facts to state a retaliation claim on screening.

#### 2. Defendant Valencia

The facts in the complaint are insufficient to establish a retaliation claim against defendant Valencia. Plaintiff has only claimed that defendant Valencia approved defendant Ingram's order to move plaintiff to a different housing unit. (ECF No. 1 at 6.) This alleged fact alone does not show that defendant Valencia acted in response to or was even aware of protected conduct by the plaintiff. Thus, the complaint does not contain factual allegations that satisfy elements two and

three of a First Amendment retaliation claim.  Rhodes, 408 F.3d at 567–68.  Plaintiff's broad statement that defendant Valencia approved the transfer "in pure retaliation" is conclusory and does not satisfy the necessary elements to state a claim.

Given the above, plaintiff has failed to allege sufficient facts to state a claim against defendant Valencia.  As plaintiff states a cognizable claim as to defendant Ingram, plaintiff will be given the option to proceed on his cognizable claims and dismiss all other claims and defendants or to be given leave to file an amended complaint.

## AMENDING THE COMPLAINT

As stated above, the complaint alleges sufficient facts to state a claim against defendant Ingram for retaliation in violation of plaintiff's First Amendment rights.  However, the complaint fails to clearly state any other cognizable claims.  Plaintiff will be given the option of proceeding on his cognizable claims, dismissing all other defendants and claims, or being given leave to file an amended complaint.  If plaintiff chooses to file an amended complaint, he must address the problems with his complaint that are explained above.  Any amended complaint must be complete in itself.  The court cannot refer to a prior complaint to understand the plaintiff's claims.

In an amended complaint plaintiff must clearly identify each defendant and the action that defendant took that violated plaintiff's constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  If plaintiff wishes to add a claim, he must include it in the body of the complaint.  The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the

1  deprivation of a constitutional right if he does an act, participates in another's act, or omits to
2  perform an act he is legally required to do that causes the alleged deprivation). "Vague and
3  conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v.
4  Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).
5      In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.
6  R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.
7  R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or
8  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).
9      The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d
10  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any
11  heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.
12  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be
13  set forth in short and plain terms.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)
14  ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus
15  litigation on the merits of a claim."); Fed. R. Civ. P. 8.
16      An amended complaint must be complete in itself, without reference to any prior pleading.
17  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.
18  By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has
19  evidentiary support for his allegations, and for violation of this rule, the court may impose
20  sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.
21  ////
22  ////
23  ////
24  ////
25  ////
26  ////
27  ////
28  ////

# CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 5) is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff states a cognizable First Amendment retaliation claim against defendant correctional officer Marsha Ingram.
4. Plaintiff fails to state any other cognizable claims in the complaint.
5. Plaintiff may choose to proceed on his cognizable claims set out above or he may choose to amend his complaint.
6. Within thirty (30) days of the date of this order plaintiff shall notify the court of how he wishes to proceed. Plaintiff may use the form included with this order for this purpose.
7. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: April 4, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/tayl1042.scrn

9

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEE TAYLOR,<br><br>        Plaintiff,<br><br>   v.<br><br>MARSHA INGRAM, et al.,<br><br>        Defendants. | No. 2:21-cv-01042 DB P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his First Amendment retaliation claim against correctional officer Marsha Ingram. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims and defendants.

\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                                                                      Kenneth Lee Taylor<br>
                                                                                      Plaintiff pro se