UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEE TAYLOR, | No. 2:21-cv-01042 TLN DB P |
| Plaintiff, | |
| v. | ORDER |
| MARSHA INGRAM, et al., | |
| Defendants. | |

Plaintiff Kenneth Lee Taylor is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendant retaliated against him in violation of his First Amendment Rights.

Defendant filed a motion for summary judgment alleging plaintiff failed to exhaust administrative remedies as to some of his cognizable claims. (ECF No. 26.) Plaintiff requested and was granted a forty-five-day extension of time to file an opposition to the summary judgment motion. (ECF Nos. 27, 29.) Thereafter, defendant filed a motion to compel alleging plaintiff has failed to respond to any of defendant's discovery requests. (ECF No. 30.)

Counsel for defendant filed a declaration along with the motion to compel which states that plaintiff was served with interrogatories, requests for admissions, and requests for production of documents on January 13, 2023. (ECF No. 30-1 at 2.) Plaintiff's responses were due on February 27, 2023. (Id.) Even though there is no meet-and-confer requirement, defense counsel

1

sent a letter informing him that the time to respond had passed, and if plaintiff failed to respond by March 15, 2023, counsel would file a motion to compel. (Id.)

Counsel received a "garbled voicemail" from plaintiff on March 20, 2023. The voicemail indicated plaintiff had been trying contact counsel about the discovery, a motion to compel was not necessary, and he would be back in contact with counsel by the end of the week. (Id.) Counsel for defendants indicates that he has not received any responses or other communication from plaintiff since that date. (Id. at 3.)

In response, plaintiff filed a motion requesting the appointment of counsel and an order reopening discovery. (ECF No. 34.) In support of his motion, he states that he tested positive for COVID-19 on January 4, 2021, and continues to suffer long term side effects including "Loss of Memory, Continuous Brain Fog Effects, Loss of Taste, Loss of Smell, Physical Stress, Continuous Fatigueness [sic], Emotional Stress, and Depression . . . ." (Id. at 1-2.) Defendant opposes the motion to appoint counsel and to reopen discovery. (ECF No. 35.)

Modification of a scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b). In order to show good cause exists, a party must show that they have been diligent in seeking the requested modification. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Plaintiff has not offered any explanation for failing to seek additional time to conduct discovery. Accordingly, plaintiff's motion to reopen discovery will be denied without prejudice.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances

1  common to most prisoners, such as lack of legal education and limited law library access, do not
2  establish exceptional circumstances that would warrant a request for voluntary assistance of
3  counsel.

4      Mental impairment may be grounds for appointment of counsel in certain situations, but
5  the impairment must be an "incapacitating mental disability" and the plaintiff "must present
6  substantial evidence of incompetence." Meeks v. Nunez, No. 13CV973-GPC (BGS), 2017 WL
7  476425, at *3 (S.D. Cal. Feb. 6, 2017).  The court must be able to find a nexus between the
8  mental disorder and the plaintiff's ability to articulate his claims.  See McElroy v. Cox, Civil No.
9  08-1221 JM (AJB), 2009 WL 4895360 at *3 (E.D. Cal. Dec. 11, 2009).  Plaintiff has alleged that
10 he is suffering from brain fog and memory loss.  (ECF No. 34 at 2.)  As a result, he states it took
11 him three weeks to draft his motion requesting the appointment of counsel and to reopen
12 discovery.

13     The court finds that plaintiff's motion fails to show that his memory loss and brain fog
14 prevent him from articulating his claims pro se. Jones v. Kuppinger, No. 2:13-cv-0451 WBS AC
15 P, 2015 WL 5522290, at *3-4 (E.D. Cal. Sept. 17, 2015) ("Circumstances common to most
16 prisoners, such as a deficient general education, lack of knowledge of the law, mental illness and
17 disability, do not in themselves establish exceptional circumstances warranting appointment of
18 voluntary civil counsel.")  Plaintiff filed this action several months after testing positive for
19 COVID-19, his complaint stated potentially cognizable claim, and his filings cite relevant
20 authority and include relevant evidence.  (See e.g., ECF No. 34.)  However, to the extent plaintiff
21 requires additional time to comply with filing deadlines he may seek extensions of time.  Any
22 motion for extension of time should set forth the amount of time requested and the reason
23 additional time is necessary.

24     Additionally, defendant notes that plaintiff has failed to file an opposition to the motion to
25 compel and has not opposed the motion for summary judgment.  (ECF Nos. 31, 32.)  Further,
26 defendant notes, the time for filing oppositions or statements of non-oppositions to those motions
27 has expired.
28 ////

In light of plaintiff's pro se status, the undersigned will grant plaintiff additional time to file oppositions or statements of no opposition to defendant's pending motions to compel (ECF No. 30) and for summary judgment (ECF No. 26). Plaintiff is advised that the Federal Rules of Civil Procedure require him to participate in discovery and Local Rule 230(l) provides that failure to "file an opposition or statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions."

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to appoint counsel and motion to reopen discovery (ECF No. 34) is denied without prejudice;

2. Plaintiff shall file an opposition or statement of no opposition to defendant's motion to compel within thirty (30) days of the date of service of this order;

3. Plaintiff shall file an opposition or statement of no opposition to defendant's motion for summary judgment within sixty (60) days of the date of service of this order; and

4. Plaintiff is advised that failure to comply with this order may result in a recommendation that this action be dismissed.

Dated: May 8, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/DB Prisoner Inbox/Civil Rights/R/tayl1042.mtc