1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11      KENNETH LEE TAYLOR,                          No.  2:21-cv-01042 TLN DB P

12                     Plaintiff,

13             v.                                     ORDER

14      MARSHA INGRAM, et al.,

15                     Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights

18      action seeking relief pursuant to 42 U.S.C. § 1983.  Plaintiff claims that defendant retaliated

19      against him in violation of his First Amendment rights.  Presently before the court is defendant's

20      motion to compel.  (ECF No. 30.)  For the reasons provided below, the court will direct defendant

21      to file a supplemental brief in support of the motion.

22                                          **BACKGROUND**

23          On November 28, 2022, the court issued a discovery and scheduling order that granted the

24      parties until April 3, 2023 to conduct discovery.  (ECF No. 25 at 5.)  Pursuant to the order,

25      responses to written discovery requests were due not later than forty-five days after the date of

26      service.  (Id.)  Any motions to compel were to be filed on or before April 3.  (Id.)

27          Defendant served plaintiff "with interrogatories, requests for admissions, and requests for

28      the production of documents" on January 13, 2023.  (ECF No. 30 at 2.)  Forty-five days passed,

                                                    1

1  and plaintiff did not respond to defendant's discovery requests.  (Id.; ECF No. 25 at 5.)

2  Defendant's counsel attempted to meet and confer with plaintiff, but was unsuccessful.  (ECF No.

3  30 at 3.)  On March 20, plaintiff left defendant a voicemail in which he stated he would send

4  responses to defendant's requests.  (Id.)  However, defendant did not receive plaintiff's responses

5  and filed the instant motion to compel on March 24, 2023.

6       Plaintiff did not respond to the motion to compel within the period mandated under Local

7  Rule 230(1).  (See ECF No. 31.)  On May 8, 2023, the court directed plaintiff to file an opposition

8  or statement of non-opposition within thirty days.  (ECF No. 36.)  Subsequently, on May 12,

9  plaintiff filed a motion for a ninety-day extension of time to "stop all court proceedings in this

10  case matter" because he contracted COVID-19 on May 5 and was quarantined.  (ECF No. 37.)

11  The court granted plaintiff's motion in part and directed plaintiff to respond to the motion to

12  compel on or before June 30.  (ECF No. 40.)  To date, plaintiff has not filed a response to the

13  motion to compel.

14       Defendant has provided multiple updates to the court about the discovery dispute with

15  plaintiff, progress made to resolve it, and remaining issues.  (ECF Nos. 31, 41, 46.)  Plaintiff has

16  not responded to these filings.

17  <center>**MOTION TO COMPEL**</center>

18  **I.       Defendant's September 11, 2023 Filing**

19       On August 3, 2023, defendant informed the court that plaintiff had provided "incomplete"

20  responses to defendant's discovery requests.  (ECF No. 43 at 2.)  In her latest filing on September

21  11, 2023, defendant identifies sixteen of plaintiff's responses that she believes are "deficient or

22  non-responsive."  (ECF No. 46 at 2–5.)  For each response, she provides the text of the

23  corresponding request and explains why plaintiff's response was inadequate.  (Id.)  Defendant

24  asks the court to direct plaintiff to supplement his responses or, in the alternative, to dismiss the

25  case.  (Id. at 5–6.)

26  **II.      Legal Standard**

27       Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may

28  move for an order compelling an answer, designation, production, or inspection."  Fed. R. Civ. P.

<center>2</center>

1  37(a)(3)(B).  The court may order a party to provide further responses to an "evasive or

2  incomplete disclosure, answer, or response."  Fed. R. Civ. P. 37(a)(4).  "District courts have

3  'broad discretion to manage discovery and to control the course of litigation under Federal Rule

4  of Civil Procedure 16.'"  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting

5  Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

6          The party moving to compel bears the burden of informing the court (1) which discovery

7  requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why

8  the party believes the response is deficient, (4) why any objections are not justified, and (5) why

9  the information sought through discovery is relevant to the prosecution of this action.  McCoy v.

10 Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v.

11 Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

12         The purpose of discovery is to "remove surprise from trial preparation so the parties can

13 obtain evidence necessary to evaluate and resolve their dispute."  United States v. Chapman

14 Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted).  Rule 26(b)(1) of

15 the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

16         Parties may obtain discovery regarding any nonprivileged
17         information that is relevant to any party's claim or defense and
           proportional to the needs of the case, considering the importance of
18         the issues at stake in the action, the amount in controversy, the
           parties' relative access to relevant information, the parties' resources,
19         the importance of the discovery in resolving the issues, and whether
           the burden or expense of the proposed discovery outweighs its likely
20         benefit. Information within this scope of discovery need not be
           admissible in evidence to be discoverable.

21         "Relevance for purposes of discovery is defined very broadly."  Garneau v. City of

22 Seattle, 147 F.3d 802, 812 (9th Cir. 1998).  "The party seeking to compel discovery has the

23 burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1).

24 Thereafter, the party opposing discovery has the burden of showing that the discovery should be

25 prohibited, and the burden of clarifying, explaining or supporting its objections."  Bryant v.

26 Ochoa, No. 07cv200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal

27 citation omitted).

28 ////

3

**III.    Analysis**

Here, defendant's motion to compel, as modified by the September 11, 2023 filing, largely complies with the standard set forth in McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 WL 3196738 (E.D. Cal. June 9, 2016) and Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 WL 860523 (E.D. Cal. Mar. 27, 2008).  For example, defendant's September 11 filing (ECF No. 46) identifies the discovery requests at issue, provides the text of those requests, summarizes plaintiff's responses, and describes why the responses are insufficient.  (See ECF No. 46 at 2–5.)  However, the filing does not explain how the discovery requests are relevant to the prosecution of this action.  McCoy, 2016 WL 3196738, at *1; Ellis, No. 2008 WL 860523, at *4.

The court is inclined to grant defendant's motion to compel, given plaintiff's failure to oppose the motion.  Nonetheless, additional information about the relevance of each discovery request identified in defendant's September 11 filing would aid the court in resolving the motion.  Bryant, 2009 WL 1390794, at *1 ("The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)." (internal citation omitted)).  The court will direct defendant to file a statement explaining their relevance.

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that, not later than fourteen days from the date of this order, defendant shall file a statement discussing the relevance of each discovery request identified in its September 11, 2023 filing (ECF No. 46) to the prosecution of this action.

Dated:  October 10, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB: 15
DB/DB Prisoner Inbox/Civil Rights/R/tayl1042.mtc.supp

4