UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEE TAYLOR, | No. 2:21-cv-01042 TLN DB P |
| Plaintiff, | |
| v. | ORDER |
| MARSHA INGRAM, et al., | |
| Defendants. | |

Plaintiff Kenneth Lee Taylor is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendant retaliated against him in violation of his First Amendment Rights. Presently before the court is defendant's fully briefed motion to compel. (ECF No. 30.) For the reasons set forth below, the undersigned will grant defendant's motion to compel and direct plaintiff to supplement his responses.

**I.     Background**

This action proceeds solely on plaintiff's claim that defendant violated his rights under the First Amendment. (ECF Nos. 7, 10, 11.) Specifically, plaintiff alleges that defendant filed a "false and fabricated" rules violation report and had plaintiff transferred to another housing unit because plaintiff informed defendant he intended to file a staff complaint. (ECF No. 1 at 6.)

Defendant filed a motion to compel on March 24, 2023. (ECF No. 30.) In response, plaintiff requested the court appoint counsel to represent him and asked that discovery be

1

1    reopened.  (ECF No. 34.)  The undersigned denied plaintiff's requests and directed him to file a
2    response to the motion to compel within thirty days.  (ECF No. 36.)  Thereafter, defendant filed a
3    response requesting terminating sanctions based on plaintiff's failure to respond to the motion to
4    compel.  (ECF No. 41.)  Shortly thereafter, defendant filed a reply indicating plaintiff sent late
5    and incomplete responses to defendant's discovery requests.  (ECF No. 43.)  Defendant later filed
6    a supplement indicating that plaintiff's responses were insufficient.  (ECF No. 46.)  On October
7    10, 2023, the undersigned issued an order directing defendant to file a supplement to the motion
8    to compel explaining the relevance of the discovery requests.  (ECF No. 47.)  Thereafter, plaintiff
9    filed a late opposition to the motion to compel and defendant filed a combined response to the
10   court's October 10, 2023, order and plaintiff's opposition.  (ECF Nos. 48, 49.)

11   Defendant moved for partial summary judgment on January 30, 2023, arguing plaintiff
12   failed to exhaust as to his allegations that defendant had his housing assignment changed in
13   retaliation.  (ECF No. 26.)  Plaintiff opposed the motion.  (ECF No. 42.)  On August 29, 2023, the
14   undersigned issued findings and recommendations recommending that defendant's motion for
15   partial summary judgment be denied.  (ECF No. 45.)  The findings and recommendations were
16   adopted in full on December 20, 2023.  (ECF No. 51.)

17   **II.     Motion to Compel**

18   Defendant argues that plaintiff should be compelled to provide responses to requests for
19   production of documents, interrogatories, and requests for admission.  (ECF No. 30 at 3.)  As set
20   forth above, plaintiff did not file a timely opposition.

21   In his response to the motion to compel, plaintiff argues he failed to timely respond to
22   defendant's discovery requests and the motion to compel because he contracted COVID-19 twice
23   at unspecified times.  (ECF No. 48 at 1.)  He further states that side effects from COVID-19 have
24   "interfered with his ability to perform normal daily tasks," and caused him to suffer from extreme
25   fatigue, body pain, loss of memory, and brain fog.  (Id.)  He also states he has early-stage
26   Parkinson's disease with mobility issues that require him to use a wheelchair and walker.
27   Plaintiff states that he is unable to sit and write for hours without continuous debilitating pain
28   preventing him from litigating on his own behalf.  (Id.)  Plaintiff also states that his cell was

1  searched on April 27, 2023, and August 11, 2023.  (Id. at 2.)  He alleges that as a result of those

2  two searches, his legal documents were left in disarray impacting his ability to meet deadlines in

3  his active cases.  (Id.)

4  Defendant has identified with each request at issue, the relevance of each request, and the

5  alleged inadequacy of plaintiff's response.  (ECF No. 49.)  Defendant argues that plaintiff could

6  respond to the discovery requests, but simply will not.  (Id. at 15.)  Additionally, defendant argues

7  that plaintiff's failure to respond has "severely hindered" defendant's ability to prepare a motion

8  for summary judgment on the merits of plaintiff's claim.  (Id.)

9  **III.    Legal Standards**

10  **A.  Discovery**

11  Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery

12  regarding any non-privileged matter that is relevant to any party's claim or defense and

13  proportional to the needs of the case, considering the importance of the issues at stake in the

14  action, the amount in controversy, the parties' relative access to relevant information, the parties'

15  resources, the importance of the discovery in resolving the issues, and whether the burden or

16  expense of the proposed discovery outweighs its likely benefit.  Information within the scope of

17  discovery need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1).

18  "Relevance for purposes of discovery is defined very broadly."  Garneau v. City of

19  Seattle, 147 F.3d 802, 812 (9th Cir. 1998).  In response to a request for production of documents

20  under Rule 34, a party is to produce all relevant documents in its "possession, custody, or

21  control."  Fed. R. Civ. P. 34(a)(1).  The purpose of discovery is to "remove surprise from trial

22  preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute."

23  United States v. Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation

24  omitted).

25  **B.  Motions to Compel**

26  Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may

27  move for an order compelling an answer, designation, production, or inspection."  Fed. R. Civ. P.

28  37(a)(3)(B).  The court may order a party to provide further responses to an "evasive or

1  incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have
2  'broad discretion to manage discovery and to control the course of litigation under Federal Rule
3  of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting
4  Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

5  Under Federal Rule of Civil Procedure 37(a)(3)(B), a motion to compel may be made if "a
6  party fails to produce documents or fails to respond that inspection will be permitted . . . as
7  requested under Rule 34." "The party seeking to compel discovery has the burden of establishing
8  that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party
9  opposing discovery has the burden of showing that the discovery should be prohibited, and the
10 burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07cv200JM
11 (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (citations omitted).

12 **IV.    Analysis**

13 In responding to defendant's motion, plaintiff argues that he cannot further respond to the
14 requests due to COVID-19 related brain fog causing issues with his memory along with other
15 health issues. (ECF No. 48 at 3-11.) Plaintiff has also indicated that he "objects" to each of
16 defendant's requests but has not supported his objections with any legal authority. (ECF No. 48
17 3-10.) Rather, he has indicated that his health and memory issues prevent him from responding
18 and directed defendants to review his complaint in response to interrogatories requesting
19 information on the facts underlying his claim. (Id. at 1-11.)

20 While plaintiff's health and memory impairments may entitle him to additional time to
21 respond, it does not exempt him from responding to defendant's request. Moreover, the
22 undersigned notes that plaintiff appeared to recall relevant facts and attached responsive
23 documents in opposing defendant's motion for summary judgment. (ECF No. 42.) Additionally,
24 plaintiff has not indicated that he does not possess responsive materials. Rather, he has indicated
25 that he cannot "recall the identity of each document that supports his contention." (ECF No. 48 at
26 5.)

27 As a pro se litigant, plaintiff is entitled to some lenience. However, he is bound by the
28 rules and orders of this court. See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995). "A party's

lack of counsel may be considered in evaluating the willfulness of discovery violations and the failure to obey orders and in weighing the other factors regarding dismissal, but pro se status does not excuse intentional noncompliance with discovery rules and court orders." Sanchez v. Rodriguez, 298 F.R.D. 460, 470 (C.D. Cal. 2014); see also Crockett v. City of Torrance, No. CV 10-5857-DOC (SP), 2012 WL 6874724, at *4 (C.D. Cal. Nov. 21, 2012) ("Plaintiff's pro se status does not exempt him from compliance with discovery procedures or any other procedural requirements in this case.").

The interrogatories and requests for production seek to determine the factual basis for plaintiff's claims, narrow the issues, and provide relevant information to defendant against plaintiff's claims.  The undersigned finds that plaintiff's responses to defendant's discovery requests are deficient.  Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.").  Plaintiff cannot be compelled to produce documents that do not exist, Boyd v. Etchebehere, No. 1:13-cv-1966 LJO SAB PC, 2017 WL 1278047, at *3 (E.D. Cal. Jan. 13, 2017), but pursuant to the Federal Rules of Civil Procedure, he is required to produce responsive documents within his possession and respond to interrogatories to the best of his ability.  Additionally, plaintiff has not raised any adequate objections to defendant's requests.  Therefore, the court will direct plaintiff to file supplemental responses to the discovery requests identified in defendant's combined response (ECF No. 49).

Plaintiff is warned that failure to provide complete responses may warrant the imposition of sanctions.  See York v. Stewart, No. 1:15-cv-1928 DAD BAM, 2018 WL 6617945 at *3 (E.D. Cal. Dec. 18, 2018) (granting motion for sanctions and prohibiting plaintiff from supporting his case or opposing defendants' defenses with any evidence he had not already disclosed); Hoffman v. Price, 2018 WL 4215651, at *3 (E.D. Cal. Sept. 5, 2018) (noting plaintiff's discovery responses were deficient and warning that the action could be dismissed if plaintiff continued to provide inadequate discovery responses).

////

////

## V. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to compel (ECF No. 30) is granted; and

2. Plaintiff shall file supplemental responses to defendant's discovery requests within forty-five days of the date of service of this order.

Dated: January 9, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/tayl1042.mt.compel