UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEE TAYLOR,<br><br>              Plaintiff,<br><br>         v.<br><br>MARSHA INGRAM, et al.,<br><br>              Defendants. | No.  2:21-cv-01042 TLN SCR P<br><br><br>ORDER |

Plaintiff, a state prisoner, proceeds pro se with a civil rights action under 42 U.S.C. § 1983. Having considered plaintiff's pending motions (ECF No. 59, 62, 64), the court grants plaintiff an extension of time to oppose defendant's motion for summary judgment but otherwise denies those motions, as explained below.

Plaintiff seeks a stay of the proceedings, or, in the alternative, requests an extension of time up to and including October 14, 2024, to oppose defendant Ingram's motion for summary judgment, due to a medical issue. (ECF Nos. 62, 64.) Defendant Ingram filed a written opposition to the second motion, arguing plaintiff fails to show excusable neglect, in part, because plaintiff's medical issue occurred long after his opposition was due. (ECF No. 65 at 3-8.) Defendant argues plaintiff could have filed an opposition within the original deadline but failed to prosecute this case for months while actively litigating other cases. (Id. at 6.)

Over defendant's objections, the court will grant plaintiff an extension of time up to and including October 14, 2024 to oppose the pending motion for summary judgment. Plaintiff is cautioned that any further requests for an extension of time will require a detailed showing of good cause.

Plaintiff has also filed a motion styled as "Motion for Submission of Newly Discovered Evidence and Declarations…." (ECF No. 59.) Plaintiff attached the declaration of a witness to "be added to the Plaintiff's Witness List." (Id. at 1.) Defendant Ingram filed a response to the motion indicating that defendant construes plaintiff's motion regarding the witness as responding to discovery. (ECF No. 60.) Plaintiff did not file a reply. Plaintiff does not indicate he plans to use the declaration in connection with any identified filing. The court has not yet ordered the parties to identify witnesses that may be called at any trial in this matter, and it would be premature for the parties to do so. Accordingly, the court will deny the motion without prejudice to the extent it seeks relief from the court. If plaintiff wants the court to consider the contents of the declaration in opposition to the pending motion for summary judgment, plaintiff should file a written opposition to that motion and include the declaration as support for plaintiff's position. If the declaration contains admissible evidence—an issue on which the court makes no finding at this time—the court would then consider that evidence in the context of the motion for summary judgment.

Plaintiff also seeks appointment of counsel. The United States Supreme Court has ruled that district courts lack authority under 28 U.S.C. § 1915 to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to Section 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances

common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. The court construes plaintiff's "Motion for Submission of Newly Discovered Evidence and Declarations…" as not requesting any relief under the Federal Rules of Civil Procedure and denies the motion (ECF No. 59) without prejudice.

2. The court construes plaintiff's motions (ECF Nos. 62, 64) as motions for extensions of time to oppose defendant's motion for summary judgment and grants the motions. Plaintiff is granted up to and including October 14, 2024, in which to file a response to defendant's motion for summary judgment. Any reply shall be filed and served in accordance with Local Rule 230(l).

3. Plaintiff's request for appointment of counsel (ECF No. 64) is denied.

DATED: August 26, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE